UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RALPH BERNSTEIN,

    Plaintiff,

v.                                                  Case No.:    0:17-cv-62078-DPG

GENPACT SERVICES, LLC
                                                   **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

**PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **RALPH BERNSTEIN** ("Mr. Bernstein" or "Plaintiff"), by and through the undersigned counsel, and hereby files this First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **GENPACT SERVICES, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), by using an automatic telephone dialing system or an artificial or prerecorded voice to call Mr. Bernstein's Cellular Telephone without his consent and even after Mr. Bernstein expressly revoked for Defendant to place calls to his Cellular Telephone.

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Mr. Bernstein, was and is a natural person and, at all times material hereto, is an adult and was a resident of Broward County, Florida.

5. Mr. Bernstein is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 954-***-7178 ("Mr. Bernstein's Cellular Telephone").

6. At all times material hereto Defendant was and is a foreign limited liability company with its principle place of business in the State of New York and its registered agent, COGENCY GLOBAL INC. located at 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.

## *Statements of Fact*

7. In May of 2014, Defendant began placing calls to Mr. Bernstein's Cellular Telephone in attempts to collect an alleged debt.

8. On or around June 6, 2014, Mr. Bernstein returned one of Defendant's calls and demanded that Defendant stop calling his Cellular Telephone.

9. Despite his request for Defendant's calls to stop, Defendant continued to call Mr. Bernstein's Cellular Telephone in an attempt to collect an alleged debt.

10. Defendant called Mr. Bernstein's Cellular Telephone at least one-hundred and seventy-two (172) times during the time period from May 21, 2014 to July 12, 2014;

approximately one hundred and thirty (130) of Defendant's calls were placed to Mr. Bernstein's Cellular Telephone after he demanded that Defendant's calls stop.

11. Defendant called Mr. Bernstein's Cellular Telephone from multiple phone numbers, including, but not limited to: 866-544-0753; 877-828-1844; 513-878-4971; 513-698-2433.

## Count 1: Violation of the Telephone Consumer Protection Act

12. Mr. Bernstein re-alleges paragraphs 1-11 and incorporates the same herein by reference.

13. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

14. Mr. Bernstein never had an account with Defendant.

15. Mr. Bernstein had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Mr. Bernstein's Cellular Telephone by the use of an ATDS, artificial voice, or prerecorded message.

16. Mr. Bernstein never provided any consent for Defendant to call Mr. Bernstein's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS"), artificial voice, or prerecorded message.

17. Despite never having Mr. Bernstein's express consent to call Mr. Bernstein's Cellular Telephone by the use of an ATDS, artificial voice, or prerecorded message, Defendant called Mr. Bernstein's Cellular Telephone at least one-hundred and seventy-two (172) times.

18. Additionally, Mr. Bernstein revoked consent for Defendant to call his Cellular Telephone by the use of an ATDS, artificial voice, or prerecorded message on or around June 6, 2014 when he returned one of Defendant's calls and demanded that Defendant's calls stop.

19. Mr. Bernstein never provided Defendant with his Cellular Telephone number.

20. Defendant did not place any emergency calls to Mr. Bernstein's Cellular Telephone.

21. Defendant willfully and knowingly placed non-emergency calls to Mr. Bernstein's Cellular Telephone.

22. Mr. Bernstein knew that Defendant called Mr. Bernstein's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

23. Mr. Bernstein knew that Defendant called Mr. Bernstein's Cellular Telephone using a prerecorded voice because at least one time when Mr. Bernstein answered Defendant's call, he heard a recorded message and had to hit a button to speak to a live representative.

24. Defendant used an ATDS when it placed at least one call to Mr. Bernstein's Cellular Telephone.

25. Defendant used an ATDS when it placed at least fifty calls to Mr. Bernstein's Cellular Telephone.

26. Defendant used an ATDS when it placed at least one-hundred calls to Mr. Bernstein's Cellular Telephone.

27. Defendant used an ATDS when it placed all calls to Mr. Bernstein's Cellular Telephone.

28. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

29. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

30. Under information and belief, at least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

31. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

32. At least one call that Defendant placed to Mr. Bernstein's Cellular Telephone was made using a prerecorded voice.

33. Under information and belief, Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place

call individuals to collect alleged debts from said individuals, such as Mr. Bernstein, for its financial gain.

34. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Bernstein's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

35. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Bernstein, despite individuals like Mr. Bernstein revoking any consent that Defendant believes it may have to place such calls.

36. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Bernstein's Cellular Telephone.

37. Defendant has corporate policies to abuse and harass consumers like Mr. Bernstein despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

38. Defendant's phone calls harmed Mr. Bernstein by trespassing upon and interfering with Mr. Bernstein's rights and interests in his Cellular Telephone line.

39. Defendant's phone calls harmed Mr. Bernstein by causing his emotional distress.

40. Defendant's phone calls harmed Mr. Bernstein by wasting his time.

41. Defendant's phone calls harmed Mr. Bernstein by being a nuisance and causing his aggravation.

42. Defendant's phone calls harmed Mr. Bernstein by causing a risk of personal injury to Mr. Bernstein due to interruption and distraction.

43. Defendant's phone calls harmed Mr. Bernstein by invading his privacy.

44. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

 a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

 b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

 c. Awarding Plaintiff costs;

 d. Ordering an injunction preventing further wrongful contact by the Defendant; and

 e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **RALPH BERNSTEIN**, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 9, 2018**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
> Law Office of Michael A. Ziegler, P.L.
> 13575 58th Street North, Suite 129
> Clearwater, FL 33760
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **09** day of **April, 2018**, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send to all counsel of record.

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864